OPINION AND ORDER
< ARY P. SULLIVAN, Chief Justice.
BRIEF FACTUAL OVERVIEW AND PROCEDURAL HISTORY
On August 27, 1998, Thomas Brown, pro ne, filed a Petition for Review requesting that this Court review Child Support Order # 543 contending that the ar-rearage of $17,485.01 cited in the Order was arbitrary and that while he agreed that he owed an ‘unknown amount’, the exact amount of arrearage was yet to be determined. He further contended that in the original order for child support he was ordered to pay only “when he was working” and, ostensibly, since he was not working at certain times following the order, he was not required to pay child support. He requested that this Court remand the matter to the Tribal Court for a ‘proper hearing’ on the issue. We accepted appellant’s petition and issued a stay on May 21, 1999, noting that the Tribal Court did not establish the basis for the stated arrearage and we remanded for that purpose. On August 12, 2002, the Tribal Court returned its Order on Remand wherein the child support arrearage owed by Mr. Brown was properly detailed and determined to be exactly $17,485.01, the same amount as determined in the original order from which he appealed.
ISSUES PRESENTED
Appellant contends that his alleged failure to pay child support arrearages “stems from a civil judgment and the proper remedies ... are contained in IV CCOJ § 304 and not in a criminal proceeding” therefore rendering his incarceration a violation of his “civil rights pursuant to 25 U.S.C. 1302.” He further: contends that the order from which the contempt charge arises involves “a child support issue where the children of the appellant are over the ... *269 age of 18” thereby rendering the matter “moot ... insofar as a criminal proceeding is concerned.”
STANDARD OF REVIEW
“The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” Title II CCOJ 2000 § 202. All issues presented herein are matters of law, thus we review de novo.
DISCUSSION
Appellant’s contention that his conviction is flawed because criminal contempt is not the appropriate remedy is without merit. Appellant cites IV CCOJ § 304 (now Title VIII CCOJ 2000 § 304) as controlling. Such reliance is misplaced. We acknowledge that § 304 deals with execution of a civil judgment, however, Title X CCOJ 2000 § 304b specifically deals with enforcement of child support orders and is controlling in this case. Even so, in reviewing § 304b (a) we note that it does tend to support appellant’s position in that it states: “When the Court has ordered periodic support payments ... and the parent does not pay as ordered, the Court shall use the same procedures to collect these payments as it would use to enforce any money judgment in a civil action.” (Our emphasis) However, reading further, § 304b (b) states, “If the parent willfully refuses to make periodic support payments as ordered by the Court, and the procedures set forth in subsection (a) do not result in full payment, the Court may initiate criminal contempt proceedings ... and in the event of conviction shall have available , the full range of sanctions for Class A misdemeanors, No such proceedings shall be instituted if the parent fails to pay by reason of indigence.” At appellant’s txial the prosecutor informed the Court regarding Mr. Brown’s payment history:
“Your Honor, this is a case that has come to Court over and over and over again. I have seven (7) Criminal Con-tempts (sp) here. Order to Show Causes and Contempts (sp). Dating back to 1991.” (See Transcript of Hearing, dated May 17, 1999, at page 4, lines 16-19.)
The prosecutor goes on to detail Mr. Brown’s past convictions for failure to pay child support, (id. at pages 6-8.) There was ample evidence presented at the hearing for the Court to conclude that Mr. Brown willfully refused to pay the child support arrearages. Although the Public Defender made the bare allegation that Mr. Brown had no income, no substantiating evidence was presented as to his indigence and there was no testimony from Mr. Brown to that effect. It is clear that the remedy under § 304b (b) used by the Court was proper, thus, appellant’s contention that the Court applied the wrong remedy is without merit.
Appellant’s second contention that the matter is moot because his children have since reached majority is also without merit. Appellant cites no authority and we know of no such authority that would support this contention. Nonetheless, the relevant issue is not the age of the children, but rather, the intention of Mr. Brown toward his court ordered support payments. Sufficient evidence was presented for the Court to conclude that Mr. Brown willfully refused to pay Court ordered child support arrearages.
The purpose of our remand of Child Support # 543 to the Tribal Court was to *270 establish the basis of the total child support arrearage and to test the clarity of the Court’s order concerning the phrase “additional payments”. (See FPCGA #306) Alter reviewing the Order on Remand dated August 12, 2002, we are convinced that the original order was sufficiently clear and unambiguous to support a criminal contempt conviction. To make that determination one need only to ask, “What part of $150.00 per month didn’t Mr. Brown understand?”
IT IS NOW THEREFOR THE OR DER OF THIS COURT:
The Tribal Court’s conviction of Mr. Brown for contempt is -affirmed. AH Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this Appeal, are herewith restored and shall be given full force and effect without further delay.
CONCUR: GERARD M. SCHUSTER, Associate Justice, CARROLL JAMES DeCOTEAU, Associate Justice.